IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-83-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On July 6, 2015, Petitioner Joseph E. Lawrence filed a Petition for Writ of Habeas Corpus challenging his conviction in the Twenty-first Judicial District Court, Ravalli County, for sexual intercourse without consent, Cause No. DC 12-127. Lawrence is a state prisoner proceeding pro se.

Lawrence has also filed a companion matter in this court seeking a writ of mandamus. See, *Lawrence v. Kirkegard*, CV 15-77-DLC-JCL. Additionally, Lawrence currently has a direct appeal pending before the Montana Supreme Court: *State v. Lawrence*, No. DA 14-720 (Mont. Filed Nov. 30, 2014). A review of the Montana Supreme Court case register reveals that five motions to continue the briefing schedule have been filed on Lawrence's behalf. *See State v. Lawrence*, DA 14-720, *available at* http://supremecourtdocket.mt.gov (accessed July 8,

1

2015).  Lawrence's opening brief is not scheduled to be filed until July 22, 2015. This appeal pending in the Montana Supreme Court seeks to challenge in the same judgment at issue in this Court.

Lawrence has filed this action prematurely.  Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court.  28 U.S.C. 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Sarei v. Rio Tinto*, PLC, 550 F. 3d 822, 828-29 (9th Cir. 2008)(en banc) (describing all federal common-law exhaustion doctrines as originating in habeas corpus to prevent "unnecessary conflict between federal [courts] and state courts" or other tribunals)(quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)(internal brackets omitted)); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)(imposing exhaustion requirement under 28 U.S.C. § 2241).  In addition, under the rule of *Younger v. Harris*, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45.

Instead, a person held in custody under the authority of a State must use the procedures the State makes available to challenge his custody.  After Lawrence has completed that process, including his direct appeal to the Montana Supreme Court and any collateral post-conviction proceedings, then he may file in federal court.

2

At this point, the petition should be dismissed without prejudice. Dismissal at this time will not prejudice Lawrence or materially alter his position, provided he follows the State's rules and procedures. *Slack v. McDaniel*, 529 U.S. 472, 485-86 (2000); 28 U.S.C. § 2244(d)(1)(A), (d)(2). A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the procedural ruling. *Lambright v. Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000)(quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Lawrence's petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust state remedies. All pending motions should be MOOT.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lawrence may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[1] As this deadline allows a party to act within 14 days after the Findings and

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lawrence must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 10th day of July, 2015.

                                        /s/ *Jeremiah C. Lynch*
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge

---

Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.