

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH EDWARD LAWRENCE,<br><br>          Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>          Respondent. | CV 15–83–M–DLC–JCL<br><br>ORDER |

      Petitioner Joseph Edward Lawrence ("Lawrence") filed a Petition for Writ of Habeas Corpus challenging his conviction for sexual intercourse without consent. United States Magistrate Judge Jeremiah C. Lynch entered his findings and recommendations on July 10, 2015, recommending that Lawrence's petition be denied because he failed to exhaust all available state judicial remedies. Judge Lynch based this determination on the fact that Lawrence has a direct appeal currently pending before the Montana Supreme Court. *See State v. Lawrence*, No. DA 14-0720.

      Lawrence did not file objections to Judge Lynch's findings and recommendation and instead filed a "response" stating that he "will allow [the]

State Appeal to continue on its course for the time being." (Doc. 7). Because Lawrence did not object to Judge Lynch's findings and recommendations regarding his petition, he has thus waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Lynch's findings and recommendations in full.

Upon review of the Montana Supreme Court register, the Court notes that Lawrence's direct appeal to his conviction is still ongoing. *See State v. Lawrence*, No. DA 14-0720. It is thus clear that Lawrence has yet to exhaust all available state judicial remedies, which is required before a court may hear a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). As such, Lawrence's petition will be dismissed without prejudice. Lawrence may refile his petition at the conclusion of his direct appeal before the Montana Supreme Court. Additionally, Lawrence has filed seven motions in this matter. However, because Lawrence's underlying petition will be dismissed, these motions will be denied as moot.

Accordingly, IT IS ORDERED that:

(1) Judge Lynch's findings and recommendations (Doc. 7) are ADOPTED IN FULL.

(2) Lawrence's petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice for failing to exhaust state remedies.

(3) All pending motions (Docs. 2, 3, 4, 5, 6, 9, and 10) are DENIED as moot.

(4) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(5) A certificate of appealability is DENIED.

Dated this 9th day of October, 2015.

Dana L. Christensen, Chief Judge
United States District Court